Chicago, St. Louis and New Orleans Railroad Co.
*v.* W. A. Jarrett et al.

1. Railroads. *Killing stock.* *Exemplary damages.*
   In an action against a railroad company for animals accidentally killed by a locomotive carelessly but without recklessness, it is erroneous to instruct the jury to award exemplary damages, if the killing was done through the wilful and wanton negligence or misconduct of the employees in charge of the train. *Chicago Railroad Co.* v. *Scurr, ante,* 456.

2. Same. *Excessive verdict.* *Remittitur.*
   If in such case the actual value of the animals killed is fixed by the witnesses at sums varying from five hundred to six hundred and fifty dollars, a verdict for seven hundred and fifty is not cured by a remittitur of one hundred; but the judgment will be affirmed on remitting in the Supreme Court all in excess of five hundred dollars.

APPEAL from the Circuit Court of Lafayette County.

Hon. J. W. C. WATSON, Judge.

*W. P. & J. B. Harris,* for the appellant.

There was nothing in the case to justify the fourth instruc-
tion. Its effect was to give a license to the jury, apt to take
such a bias. The effort of the court to correct its error, by
requiring a remittitur, fell short of the mark. The plaintiffs
had selected their neighbors to value the stock. They valued
with a view to make that valuation effective for suit or settle-
ment. It was the cash value. In cases where exemplary
damages are allowed, there must be some exhibition of malice
or deliberate disregard of the rights of others, which men not
influenced by malice or passion, and not recklessly careless of
the rights of others, would not inflict. It is because the tort
is aggravated by this spirit that juries are allowed to go
beyond the boundary of compensation. *Philadelphia Railroad
Co.* v. *Larkin,* 47 Md. 155 ; *Chicago Railroad Co.* v. *Packwood,
ante,* 280 ; *Chicago Railroad Co.* v. *Scurr, ante,* 456.

*A. J. Baker,* for the appellees.

1. Objection is not made to the law announced in the in-
struction, but it is urged that there is no proof adduced upon
which to give a charge as to exemplary damages. The proof
abounds in testimony, however, showing reckless and wanton
disregard of the property of the plaintiffs. But, for the sake
of the argument, admit that the position contended for is
correct, then we insist that the verdict was right notwith-
standing. This court, in the cases of *Friedlander* v. *Pugh,* 43
Miss. 111, and *Vicksburg Railroad Co.* v. *Ragsdale,* 46 Miss.
458, has announced that if the verdict is clearly right upon
the testimony, and substantial justice has been attained, the
appellate court will not remand the cause for misconception
and misstatement in the instructions ; and further, the court
has held that in actions sounding in damages, where the law
furnishes no legal rule of measurement, save the discretion of
the jury upon evidence before them, courts will not disturb
the verdict upon the ground of excessive damages, unless it be
so flagrantly improper as to evince prejudice, passion, or cor-
ruption in the jury. *New Orleans Railroad Co.* v. *Hurst,* 36
Miss. 660 ; *Memphis Railroad Co.* v. *Whitfield,* 44 Miss. 466.

2. If the learned judge who tried this case had given the instruction complained of by inadvertence, he would have set aside the verdict when his attention was so earnestly called to it by counsel who represented the company below. One hundred dollars of the verdict was remitted, thus reducing the recovery within the actual value of the animals. It is no longer punitive, but gives only compensation. The plaintiffs did this only because they thought that thereby they would be paid their money so justly due without this further effort to delay on the appellant's part.

COOPER, J., delivered the opinion of the court.

Suit was brought by the appellees to recover damages sustained by the killing of their stock by one of the trains of the appellant. The evidence on the part of the appellant taken alone showed no negligence on the part of its employees, and no witness for the appellees saw the killing. Whether the circumstances of the killing show negligence on the part of the agents of the appellant depends to a considerable extent upon the character of the night in which the killing occurred, the rate of speed at which the train was running, and the grade of the road at the place of the occurrence. The witnesses for the appellant testified that it was a dark, foggy night, and because of its character the engineer was unable to see more than fifty yards in front of his engine. On the other hand the witnesses for the appellees state that the night was not extraordinarily dark, and one witness states that he saw the headlight of the engine at a distance of nearly a mile. The engineer and other servants of the company testified that the train was running at a speed of from twelve to fifteen miles per hour, and that when the stock was killed the road descended in the direction the train was moving. On the other hand, the witnesses for the appellees state that the road at this point ascended at a grade of about forty feet to the mile, and that the velocity at which the train was moving was such that after having struck and killed four horses and mules, and after some of the wheels of the locomotive had thus been thrown from the track and the brakes applied to the cars composing the train, it ran a distance of four hundred and forty yards. The stock

killed was valued at prices ranging from five hundred to six hundred and fifty dollars. The lowest value was fixed by one of the appraisers called in by the plaintiffs soon after the occurrence, and the highest by the testimony of one of the plaintiffs himself. The verdict of the jury was in favor of the plaintiffs and fixed the damages at the sum of seven hundred and fifty dollars, and the counsel for the plaintiffs remitted one hundred dollars of the amount upon a suggestion by the judge who presided that the verdict was excessive.

The amount of the verdict was evidently caused by the fourth instruction given on the application of the plaintiffs by which the jury were told that they might award exemplary damages if they believed from the evidence " that said stock was killed through the wilful and wanton negligence or misconduct of its (the company's) agents and employees in charge of said train." A careful examination of the evidence satisfies us that under the rule announced in the case of *Chicago Railroad Co.* v. *Scurr, ante,* 456, this instruction should not have been given. It is said, however, by the counsel for the appellees, that, if it be conceded that it was error to grant the instruction, the error has been cured by the remittitur entered in the court below, because the judgment as entered is not for a sum greater than the value of the stock killed as fixed by some of the witnesses, and therefore, if a verdict for compensatory damages only would have been permitted to stand, the judgment ought to be affirmed. The answer is, that we cannot say that the jury would have found a verdict for the amount of the judgment, if it had been restricted to finding compensatory damages only; for the extent of such damages was fixed by the different witnesses at sums varying from five hundred to six hundred and fifty dollars. We cannot say whether one hundred dollars, the amount remitted, was the amount of punitive damages intended to be given, or whether the value of the stock was fixed at the lowest figure, five hundred dollars, and two hundred and fifty dollars was awarded as exemplary damages. There is nothing in the record furnishing any light to guide us in the inquiry, and a decision of the question would be based upon mere conjecture.

Where erroneous instructions have been given, which may

have influenced the jury in finding the amount of the damages assessed, the burden is devolved upon the party in whose favor the error was committed to show that the amount remitted includes all the damages which could have been awarded under the erroneous charge. In this case the jury would not have been authorized, under the testimony, to have found for the plaintiffs, and awarded a less sum than five hundred dollars, that being the lowest estimate of the actual damages inflicted. If such verdict had been found, we could not have said it was clearly wrong, and therefore if the appellees will remit all in excess of that amount a judgment may be entered here.

*Judgment reversed.*